**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4115**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICKY NELSON SIMPSON, a/k/a Bossman,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.  James C. Dever,
III, Chief District Judge.  (2:14-cr-00007-D-1)

Submitted:  October 20, 2015          Decided:  October 22, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Sarah Jessica Farber, FARBER LAW FIRM, Raleigh, North Carolina,
for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES
ATTORNEY, Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Nelson Simpson appeals the 96-month, below-Guidelines sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012). Counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), in which she challenges the substantive reasonableness of Simpson's sentence, but recognizes that Simpson waived his right to appeal his sentence in his plea agreement. Simpson has filed a pro se supplemental brief asserting that counsel was ineffective, thereby resulting in the denial of his due process rights. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Simpson's plea agreement. We affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Simpson voluntarily and knowingly waived his right to appeal his conviction and sentence. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Simpson's plea agreement did not waive: (1) any sentencing challenges he may have if his sentence was in excess of the applicable advisory Guidelines range established at sentencing; or (2) ineffective assistance of counsel or prosecutorial misconduct claims not known to Simpson at the time of his guilty plea. Simpson's sentence is below the Guidelines range established at sentencing and, thus, counsel's claim is squarely foreclosed by the appellate waiver. Accordingly, we grant the Government's motion to dismiss the appeal, in part.

3

In accordance with <u>Anders</u>, we have reviewed the record for any potentially meritorious, unwaived issues,[*] and we have found none. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Simpson, in writing, of his right to petition the Supreme Court of the United States for further review. If Simpson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simpson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART;</u><br>
<u>DISMISSED IN PART</u>

---

[*] To the extent Simpson suggests that counsel provided ineffective assistance, we conclude that ineffective assistance does not conclusively appear on the record. <u>See</u> <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006).